IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS R. MACK,<br><br>        Plaintiff,<br>  v.<br><br>JO ANNE B. BARNHART,<br><br>        Defendant.<br>                                    / | No. C 04-02979 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER'S DECISION** |

Before the Court are the parties' cross-motions for summary judgment on plaintiff's complaint seeking judicial review of defendant's denial of plaintiff's claim for Social Security disability benefits. Having carefully considered the parties' arguments, the Court hereby GRANTS defendant's motion, DENIES plaintiff's motion, and AFFIRMS the Commissioner's decision that plaintiff is not disabled and has the capacity to perform a full range of light work.

**BACKGROUND**

**A.     Procedural background**

On July 11, 2001, plaintiff filed an application for Social Security disability insurance benefits alleging a disability as of March 10, 1998, see Administrative Record 48-50 (hereinafter "AR"), due to lower back pain, a sciatic nerve condition, and gout. AR 68. On October 18, 2001, the Commissioner denied plaintiff's application. AR 33-36. Plaintiff filed a request for reconsideration on December 10, 2001, which was denied on July 22, 2002. AR 37-41. Plaintiff then requested an administrative hearing. AR 42. At the hearing, both plaintiff and a Social Security Administration vocational expert testified before the Administrative Law Judge ("ALJ"). AR 138-170. On August 22, 2003, the ALJ issued a decision finding that plaintiff had the capacity to perform a full range of light work. AR 17-22. Plaintiff filed a request with the Appeals Council to have the

decision reviewed. AR 8-12. The Appeals Council denied review and affirmed the ALJ's decision. AR 5-8. On July 22, 2004, plaintiff filed this action requesting judicial review of the Commissioner's final decision.

**B.    Factual background**

    **1.    Plaintiff's medical history**

Plaintiff was born on September 22, 1947. Pl.'s Mot. at 5. He completed high school and two years of college education in 1965. AR 61. Plaintiff was employed at General Motors as a truck driver and forklift operator in a warehouse and as a shipping and receiving clerk from 1970 to 1992. AR 83. His job included loading and unloading parts and materials frequently weighing more than fifty pounds. AR 146-150. Plaintiff held similar jobs at various places of employment through 1998. AR 83. Plaintiff stopped working on March 10, 1998 due to problems with his back and gout. AR 150.

Plaintiff was transported to Highland Hospital's emergency room on June 25, 1999, for treatment for a right knee effusion. AR 96. F.C. Barnett, M.D., plaintiff's treating physician at the Eastmont Wellness Center, saw plaintiff on April 13, 2000 and diagnosed him with possible cirrhosis of the liver, a history of Hepatitis C, and gout. AR 93-94. Plaintiff returned to the center on May 22, 2001 for reevaluation of his hepatitis and gout conditions. AR 90.

On September 18, 2001, plaintiff had a consultative examination by Calvin Pon, M.D. AR 84-86. Dr. Pon diagnosed plaintiff with chronic lower back pain, symptoms of left sciatica, some sensory impairment of his left foot and disuse atrophy of the left thigh. AR 85. The examination report indicated that plaintiff told Dr. Pon that he had "no problems standing or walking" and that he is able to walk up and down stairs without assistance. AR 84. Dr. Pon held the opinion that plaintiff was able to stand/walk or sit for a total of six out of eight hours of a work day and lift and carry up to twenty pounds frequently, consistent with plaintiff being able to do work of a light exertional level. Id.

Plaintiff returned to Eastmont Wellness Center on September 27, 2001 with complaints of back pain. AR 88. On October 25, 2001, plaintiff saw Steven Stepto, M.D., M.P.H. about his sciatica and left leg numbness. AR 136. Dr. Stepto reccommended stretching and yoga exercises and prescribed Naproxen and Robaxin. Id. Plaintiff's medical records through May 5, 2003 reflect no indications of prescriptions,

United States District Court
For the Northern District of California

treatments, or diagnostics for back pain prior to September 27, 2001, or after October 25, 2001.

On May 5, 2003, plaintiff's treating physician Dr. Barnett completed a Medical Source Statement with the opinion that plaintiff was limited to sedentary work. AR 118. Dr. Barnett determined that plaintiff could sit or stand/walk three to four hours out of an eight hour work day. AR 118.

### 2.    Administrative hearing

At the administrative hearing, plaintiff testified that his back pain allows him to sit comfortably for only one hour, after which he needs to stand and walk or lie down. AR 155. Plaintiff testified that he can take care of himself on a daily basis and can walk at least six blocks at a slow pace to the grocery store and carry at least a gallon of milk home. AR 157-59. However, plaintiff also testified that he could not work for eight hours a day for five days a week even if he were able to alternate standing and sitting positions. AR 155.

A Social Security Administration vocational expert, Mr. John Velton, testified about the exertion level of plaintiff's past work, transferable skills, and jobs available in the regional and national economy. Mr. Velton determined that, although plaintiff would not be able to return to employment similar to his previous occupation, plaintiff had transferrable skills. AR 162, 165. The ALJ asked Mr. Velton if there were any jobs in the light level category to which a person with plaintiff's skills could transfer. AR 165. Mr. Velton identified truck load checker and shipping checker as potential light level jobs. Id. The ALJ then asked Mr. Velton if these jobs were viable options if the person with plaintiff's skills could either (1) only stand or walk for four hours per day, or (2) stand/sit at will. AR 167. Mr. Velton answered that those jobs required almost constant standing and walking and would be eliminated in the case of a person who could only stand or walk four hours per day or was required to stand/sit at will. Id. The ALJ then questioned Mr. Velton about unskilled jobs for a person with such requirements. Id. Mr. Velton indicated that there might be a limited number of cashier jobs available. AR 168. Mr. Velton also testified that there were no sedentary jobs to which plaintiff's skills could transfer. Id.

The ALJ determined that plaintiff suffered from chronic lower back pain with some symptoms of sciatica. Relying on the consultative examination of Dr. Pon, the ALJ determined that plaintiff retained the "residual functional capacity to perform light work." AR 18. The ALJ gave less weight to Dr. Barnett's

3

medical source statement limiting plaintiff to sedentary work because he did not find that Dr. Barnett's opinion was well supported by treatment records or other clinical findings. AR 19. The ALJ also considered plaintiff's testimony. However, the ALJ determined that, in light of the lack of medical evidence of back pain treatment or therapy, and plaintiff's own testimony about his daily activities, there was no indication that plaintiff was not capable of performing the "full range of light exertional activity." AR 20.

## LEGAL STANDARD

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). The court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. Id.

The factual findings of the Commissioner are conclusive if supported by substantial evidence. Id. The court may set aside the Commissioner's final decision when that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097-98 (9th Cir. 1999). Even if substantial evidence supports the Commissioner's factual findings, the decision must be set aside if improper legal standards were applied in weighing the evidence and reaching the decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Legal error lies if an ALJ rejects a treating physician's uncontradicted opinion without providing "clear and convincing" reasons supported by the record. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, a reviewing court will credit the physician's opinion as a matter of law. See Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989).

The ALJ may also reject subjective complaints from plaintiff if the ALJ provides clear and convincing reasons for rejecting such testimony. Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999). In considering subjective testimony about pain, the Commissioner must consider the entire record, including objective medical evidence, the individual's testimony about daily activities, statements from treating or examining physicians, and any other relevant evidence. Social Security Rule 96-7p (hereinafter "SSR"). Lack of objective medical evidence and treatment or therapy along with consideration of the individual's testimony of his daily activities has been sufficient reasoning for the ALJ to reject subjective testimony of pain. See

4

1  Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

## DISCUSSION

Plaintiff argues that the ALJ improperly denied disability benefits because his findings were not supported by substantial evidence, and committed legal error by using incorrect legal standards in the determination of disability. Plaintiff contends that the ALJ incorrectly disregarded the opinion of the treating physician, Dr. Barnett, without giving specific and legitimate reasons, and thus committed an outcome-determinative legal error. Plaintiff also argues that the ALJ did not consider plaintiff's subjective testimony of pain, and that the rejection of his testimony was unsubstantiated.

Defendant argues that the ALJ properly rejected the treating physician's opinion and relied on the consultative examining physician's opinion in finding that plaintiff had the capacity to do light work. According to defendant, the ALJ correctly rejected Dr. Barnett's opinion because it was not well-supported by medical treatment records or objective medical evidence. In addition, defendant argues that the ALJ properly assessed and rejected plaintiff's subjective testimony about his pain.

This Court finds that the ALJ properly rejected Dr. Barnett's opinion and relied on Dr. Pon's opinion in determining that plaintiff retained residual functional capacity to do light work. Evidence submitted included plaintiff's medical records from the Eastmont Wellness Center for the period between June 21, 1999 and May 5, 2003, mainly for treatment of his liver condition and prescription refills unrelated to back pain. Allegations of back pain were reported in September 2001, AR 137, and in October 2001, at which point plaintiff was assessed with sciatica and occasional left leg numbness. AR 136. None of the medical records prior to September 2001, or after October 2001, contain allegations of back pain or treatments for back pain. Both Dr. Barnett and Dr. Pon diagnosed plaintiff with chronic back pain and sciatica, but differed on the conclusion of the extent of exertional activity of which plaintiff was capable. The ALJ determined that Dr. Barnett's medical opinion was not well-supported by the records and was therefore not entitled to significant weight. Relying on Dr. Pon's opinion, the ALJ found that plaintiff was capable of light work.

Social Security Ruling (hereinafter "SSR") 96-2p sets out the policy for whether a treating source's medical opinion should be given controlling weight, e.g., must be adopted, or is just entitled to deference.

"Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . and it also is 'not inconsistent' with the other substantial evidence in the case record." Id. In the case where a treating source's medical opinion is not given controlling weight it may still be entitled to deference and is weighed using factors set forth in 20 C.F.R. § 404.1527(d) (2004).[1] Although treating sources are generally entitled to greater weight, the ALJ may disregard a treating source's opinion if clear and convincing reasons for doing so are presented. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). In such a case, the ALJ must provided a detailed summary of the facts and conflicting evidence in making his findings. Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). The ALJ does not have to accept the treating physician's opinion when he finds that it is "brief and conclusory in form with little in the way of clinical findings to support [it]." Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).

Here, plaintiff claims that his situation is similar to Sprague v. Bowen, 812 F.2d 1226 (9th Cir. 1997). In Sprague, the Ninth Circuit held that the ALJ improperly rejected the treating physician's testimony because no specific reasons were given. Id. at 1230. Two examining sources and a treating source testified to plaintiff's impairments, but differed in their evaluations of the severity of the impairment–whether plaintiff was capable of sedentary work or was completely disabled. Id. The ALJ disregarded the treating physician's opinion solely because his diagnosis additionally made reference to arthritis, which was not supported by the examining physician's testimony. Id. The Ninth Circuit found that this was an inadequate reason for disregarding the treating physician's opinion, "especially when . . . all the physicians diagnosed [the same impairment]." Id.

This case differs from Sprague. The ALJ clearly stated that he did not find the treating physician's opinion well-supported by clinical evidence. AR 19. The ALJ points out that the medical records consist primarily of routine outpatient care and prescription refills unrelated to back pain, and indicate no related treatment, therapy, or surgery for back pain. AR 19-20. The Court concludes that the ALJ did not misconstrue the medical records and gave clear reasons for not giving the treating physician's medical source opinion controlling or significant weight.

---

[1] The factors are: (1) Examining Relationship; (2) Treatment Relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors which may support or contradict the opinion.

6

In addition, the Court finds that the ALJ did consider plaintiff's subjective testimony in his decision and it was not improperly rejected. The ALJ states that he rejected plaintiff's subjective testimony based on limited medical evidence, lack of related treatment or therapy, testimony about his daily activities, testimony from plaintiff that his doctor told him to walk daily, and no evidence of significant injuries or disease progress. AR 20. There is substantial evidence in the record to support the ALJ's findings. The medical records between June 1999 and May 2003 indicate that plaintiff alleged problems with back pain on only a couple of occasions in 2001. There was no follow-up treatment, prescriptions or therapy, and no indication of disease progress. Several progress notes between June 1999 and May 2003 not only do not mention back pain but actually indicate the plaintiff reported zero pain level on a scale of zero to ten. Plaintiff testified that his doctor told him to walk daily, and that he is able to walk to the grocery store. AR 158. Plaintiff also told Dr. Pon during the consultative examination that he has no problems standing or walking, and is able to walk up stairs without aid. AR 84. The Court concludes that the ALJ not only considered plaintiff's subjective testimony of pain but properly rejected it by considering it along with all other evidence on the record.

## CONCLUSION

This Court finds that the ALJ properly considered the evidence on the record and stated clear and substantial reasons for both rejecting the treating physician's medical opinion about the exertional level of work plaintiff was capable of performing and plaintiff's subjective testimony of pain. Accordingly, the ALJ's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 13, 2005

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS R. MACK,<br><br>        Plaintiff,<br>  v.<br><br>JO ANNE B. BARNHART,<br><br>        Defendant.<br>_____/ | No. C 04-02979 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER'S DECISION** |

    Before the Court are the parties' cross-motions for summary judgment on plaintiff's complaint seeking judicial review of defendant's denial of plaintiff's claim for Social Security disability benefits. Having carefully considered the parties' arguments, the Court hereby GRANTS defendant's motion, DENIES plaintiff's motion, and AFFIRMS the Commissioner's decision that plaintiff is not disabled and has the capacity to perform a full range of light work.

**BACKGROUND**

**A.   Procedural background**

    On July 11, 2001, plaintiff filed an application for Social Security disability insurance benefits alleging a disability as of March 10, 1998, see Administrative Record 48-50 (hereinafter "AR"), due to lower back pain, a sciatic nerve condition, and gout. AR 68. On October 18, 2001, the Commissioner denied plaintiff's application. AR 33-36. Plaintiff filed a request for reconsideration on December 10, 2001, which was denied on July 22, 2002. AR 37-41. Plaintiff then requested an administrative hearing. AR 42. At the hearing, both plaintiff and a Social Security Administration vocational expert testified before the Administrative Law Judge ("ALJ"). AR 138-170. On August 22, 2003, the ALJ issued a decision finding that plaintiff had the capacity to perform a full range of light work. AR 17-22. Plaintiff filed a request with the Appeals Council to have the

decision reviewed. AR 8-12. The Appeals Council denied review and affirmed the ALJ's decision. AR 5-8. On July 22, 2004, plaintiff filed this action requesting judicial review of the Commissioner's final decision.

**B.   Factual background**

   **1.   Plaintiff's medical history**

Plaintiff was born on September 22, 1947. Pl.'s Mot. at 5. He completed high school and two years of college education in 1965. AR 61. Plaintiff was employed at General Motors as a truck driver and forklift operator in a warehouse and as a shipping and receiving clerk from 1970 to 1992. AR 83. His job included loading and unloading parts and materials frequently weighing more than fifty pounds. AR 146-150. Plaintiff held similar jobs at various places of employment through 1998. AR 83. Plaintiff stopped working on March 10, 1998 due to problems with his back and gout. AR 150.

Plaintiff was transported to Highland Hospital's emergency room on June 25, 1999, for treatment for a right knee effusion. AR 96. F.C. Barnett, M.D., plaintiff's treating physician at the Eastmont Wellness Center, saw plaintiff on April 13, 2000 and diagnosed him with possible cirrhosis of the liver, a history of Hepatitis C, and gout. AR 93-94. Plaintiff returned to the center on May 22, 2001 for reevaluation of his hepatitis and gout conditions. AR 90.

On September 18, 2001, plaintiff had a consultative examination by Calvin Pon, M.D. AR 84-86. Dr. Pon diagnosed plaintiff with chronic lower back pain, symptoms of left sciatica, some sensory impairment of his left foot and disuse atrophy of the left thigh. AR 85. The examination report indicated that plaintiff told Dr. Pon that he had "no problems standing or walking" and that he is able to walk up and down stairs without assistance. AR 84. Dr. Pon held the opinion that plaintiff was able to stand/walk or sit for a total of six out of eight hours of a work day and lift and carry up to twenty pounds frequently, consistent with plaintiff being able to do work of a light exertional level. Id.

Plaintiff returned to Eastmont Wellness Center on September 27, 2001 with complaints of back pain. AR 88. On October 25, 2001, plaintiff saw Steven Stepto, M.D., M.P.H. about his sciatica and left leg numbness. AR 136. Dr. Stepto reccommended stretching and yoga exercises and prescribed Naproxen and Robaxin. Id. Plaintiff's medical records through May 5, 2003 reflect no indications of prescriptions,

treatments, or diagnostics for back pain prior to September 27, 2001, or after October 25, 2001.

On May 5, 2003, plaintiff's treating physician Dr. Barnett completed a Medical Source Statement with the opinion that plaintiff was limited to sedentary work. AR 118. Dr. Barnett determined that plaintiff could sit or stand/walk three to four hours out of an eight hour work day. AR 118.

### 2. Administrative hearing

At the administrative hearing, plaintiff testified that his back pain allows him to sit comfortably for only one hour, after which he needs to stand and walk or lie down. AR 155. Plaintiff testified that he can take care of himself on a daily basis and can walk at least six blocks at a slow pace to the grocery store and carry at least a gallon of milk home. AR 157-59. However, plaintiff also testified that he could not work for eight hours a day for five days a week even if he were able to alternate standing and sitting positions. AR 155.

A Social Security Administration vocational expert, Mr. John Velton, testified about the exertion level of plaintiff's past work, transferable skills, and jobs available in the regional and national economy. Mr. Velton determined that, although plaintiff would not be able to return to employment similar to his previous occupation, plaintiff had transferrable skills. AR 162, 165. The ALJ asked Mr. Velton if there were any jobs in the light level category to which a person with plaintiff's skills could transfer. AR 165. Mr. Velton identified truck load checker and shipping checker as potential light level jobs. Id. The ALJ then asked Mr. Velton if these jobs were viable options if the person with plaintiff's skills could either (1) only stand or walk for four hours per day, or (2) stand/sit at will. AR 167. Mr. Velton answered that those jobs required almost constant standing and walking and would be eliminated in the case of a person who could only stand or walk four hours per day or was required to stand/sit at will. Id. The ALJ then questioned Mr. Velton about unskilled jobs for a person with such requirements. Id. Mr. Velton indicated that there might be a limited number of cashier jobs available. AR 168. Mr. Velton also testified that there were no sedentary jobs to which plaintiff's skills could transfer. Id.

The ALJ determined that plaintiff suffered from chronic lower back pain with some symptoms of sciatica. Relying on the consultative examination of Dr. Pon, the ALJ determined that plaintiff retained the "residual functional capacity to perform light work." AR 18. The ALJ gave less weight to Dr. Barnett's

3

medical source statement limiting plaintiff to sedentary work because he did not find that Dr. Barnett's opinion was well supported by treatment records or other clinical findings. AR 19. The ALJ also considered plaintiff's testimony. However, the ALJ determined that, in light of the lack of medical evidence of back pain treatment or therapy, and plaintiff's own testimony about his daily activities, there was no indication that plaintiff was not capable of performing the "full range of light exertional activity." AR 20.

## LEGAL STANDARD

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). The court may enter a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. Id.

The factual findings of the Commissioner are conclusive if supported by substantial evidence. Id. The court may set aside the Commissioner's final decision when that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097-98 (9th Cir. 1999). Even if substantial evidence supports the Commissioner's factual findings, the decision must be set aside if improper legal standards were applied in weighing the evidence and reaching the decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Legal error lies if an ALJ rejects a treating physician's uncontradicted opinion without providing "clear and convincing" reasons supported by the record. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, a reviewing court will credit the physician's opinion as a matter of law. See Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989).

The ALJ may also reject subjective complaints from plaintiff if the ALJ provides clear and convincing reasons for rejecting such testimony. Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999). In considering subjective testimony about pain, the Commissioner must consider the entire record, including objective medical evidence, the individual's testimony about daily activities, statements from treating or examining physicians, and any other relevant evidence. Social Security Rule 96-7p (hereinafter "SSR"). Lack of objective medical evidence and treatment or therapy along with consideration of the individual's testimony of his daily activities has been sufficient reasoning for the ALJ to reject subjective testimony of pain. See

Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

**DISCUSSION**

Plaintiff argues that the ALJ improperly denied disability benefits because his findings were not supported by substantial evidence, and committed legal error by using incorrect legal standards in the determination of disability. Plaintiff contends that the ALJ incorrectly disregarded the opinion of the treating physician, Dr. Barnett, without giving specific and legitimate reasons, and thus committed an outcome-determinative legal error. Plaintiff also argues that the ALJ did not consider plaintiff's subjective testimony of pain, and that the rejection of his testimony was unsubstantiated.

Defendant argues that the ALJ properly rejected the treating physician's opinion and relied on the consultative examining physician's opinion in finding that plaintiff had the capacity to do light work. According to defendant, the ALJ correctly rejected Dr. Barnett's opinion because it was not well-supported by medical treatment records or objective medical evidence. In addition, defendant argues that the ALJ properly assessed and rejected plaintiff's subjective testimony about his pain.

This Court finds that the ALJ properly rejected Dr. Barnett's opinion and relied on Dr. Pon's opinion in determining that plaintiff retained residual functional capacity to do light work. Evidence submitted included plaintiff's medical records from the Eastmont Wellness Center for the period between June 21, 1999 and May 5, 2003, mainly for treatment of his liver condition and prescription refills unrelated to back pain. Allegations of back pain were reported in September 2001, AR 137, and in October 2001, at which point plaintiff was assessed with sciatica and occasional left leg numbness. AR 136. None of the medical records prior to September 2001, or after October 2001, contain allegations of back pain or treatments for back pain. Both Dr. Barnett and Dr. Pon diagnosed plaintiff with chronic back pain and sciatica, but differed on the conclusion of the extent of exertional activity of which plaintiff was capable. The ALJ determined that Dr. Barnett's medical opinion was not well-supported by the records and was therefore not entitled to significant weight. Relying on Dr. Pon's opinion, the ALJ found that plaintiff was capable of light work.

Social Security Ruling (hereinafter "SSR") 96-2p sets out the policy for whether a treating source's medical opinion should be given controlling weight, e.g., must be adopted, or is just entitled to deference.

"Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . and it also is 'not inconsistent' with the other substantial evidence in the case record." Id. In the case where a treating source's medical opinion is not given controlling weight it may still be entitled to deference and is weighed using factors set forth in 20 C.F.R. § 404.1527(d) (2004).[1] Although treating sources are generally entitled to greater weight, the ALJ may disregard a treating source's opinion if clear and convincing reasons for doing so are presented. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). In such a case, the ALJ must provided a detailed summary of the facts and conflicting evidence in making his findings. Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). The ALJ does not have to accept the treating physician's opinion when he finds that it is "brief and conclusory in form with little in the way of clinical findings to support [it]." Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).

Here, plaintiff claims that his situation is similar to Sprague v. Bowen, 812 F.2d 1226 (9th Cir. 1997). In Sprague, the Ninth Circuit held that the ALJ improperly rejected the treating physician's testimony because no specific reasons were given. Id. at 1230. Two examining sources and a treating source testified to plaintiff's impairments, but differed in their evaluations of the severity of the impairment–whether plaintiff was capable of sedentary work or was completely disabled. Id. The ALJ disregarded the treating physician's opinion solely because his diagnosis additionally made reference to arthritis, which was not supported by the examining physician's testimony. Id. The Ninth Circuit found that this was an inadequate reason for disregarding the treating physician's opinion, "especially when . . . all the physicians diagnosed [the same impairment]." Id.

This case differs from Sprague. The ALJ clearly stated that he did not find the treating physician's opinion well-supported by clinical evidence. AR 19. The ALJ points out that the medical records consist primarily of routine outpatient care and prescription refills unrelated to back pain, and indicate no related treatment, therapy, or surgery for back pain. AR 19-20. The Court concludes that the ALJ did not misconstrue the medical records and gave clear reasons for not giving the treating physician's medical source opinion controlling or significant weight.

---

[1] The factors are: (1) Examining Relationship; (2) Treatment Relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors which may support or contradict the opinion.

6

In addition, the Court finds that the ALJ did consider plaintiff's subjective testimony in his decision and it was not improperly rejected. The ALJ states that he rejected plaintiff's subjective testimony based on limited medical evidence, lack of related treatment or therapy, testimony about his daily activities, testimony from plaintiff that his doctor told him to walk daily, and no evidence of significant injuries or disease progress. AR 20. There is substantial evidence in the record to support the ALJ's findings. The medical records between June 1999 and May 2003 indicate that plaintiff alleged problems with back pain on only a couple of occasions in 2001. There was no follow-up treatment, prescriptions or therapy, and no indication of disease progress. Several progress notes between June 1999 and May 2003 not only do not mention back pain but actually indicate the plaintiff reported zero pain level on a scale of zero to ten. Plaintiff testified that his doctor told him to walk daily, and that he is able to walk to the grocery store. AR 158. Plaintiff also told Dr. Pon during the consultative examination that he has no problems standing or walking, and is able to walk up stairs without aid. AR 84. The Court concludes that the ALJ not only considered plaintiff's subjective testimony of pain but properly rejected it by considering it along with all other evidence on the record.

## CONCLUSION

This Court finds that the ALJ properly considered the evidence on the record and stated clear and substantial reasons for both rejecting the treating physician's medical opinion about the exertional level of work plaintiff was capable of performing and plaintiff's subjective testimony of pain. Accordingly, the ALJ's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 13, 2005

SUSAN ILLSTON
United States District Judge